# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESTIGE CARE, L.L.C. D/B/A FERNCREST MANOR LIVING CENTER | CIVIL ACTION |
| VERSUS | NO: 07-7015 c/w 07-7109 |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ET. AL. | SECTION: "C" (3) |

## ORDER AND REASONS

Before the Court is defendant Hartford Fire Insurance Company's Second Motion for Summary Judgment (Rec. Doc. 37.) Plaintiffs oppose. (Rec. Doc. 52.) Based on the memoranda by parties, the record in this case, and the applicable law, the Court GRANTS defendant's motion for the following reasons.

## I. BACKGROUND

The plaintiff sues for Katrina-related damages allegedly covered by their Standard Flood Insurance Policy ("SFIP") issued by Hartford Fire Insurance Company. The undisputed facts indicate that after an inspection of the property in Fall 2005, the defendant paid plaintiff $250,000 under Coverage A for flood damage to the building sustained during Hurricane Katrina. Plaintiff did not receive any payments under their contents coverage. The adjuster noted the potential claim for contents and that plaintiff, though unable to complete an inventory list at the time of inspection, would forward a contents list to the adjuster. (Rec. Doc. 52-4 at 2.) On January 16, 2006, plaintiff

was informed that the contents claim had been closed, but that the adjuster "may file a supplemental claim on the contents portion of [the] flood claim when the contents inventory list is received." (Rec. Doc. 52-2 at 1.) Plaintiff submitted a sworn proof of loss on July 8, 2008 and additional documentation to support their contents claim in December 2008. (Rec. Doc. 52-5; Rec. Doc. 22.) Suit was filed on August 28, 2007.

## II.     LAW AND ANALYSIS

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The defendant argues that the plaintiff's failure to file a proof of loss within the one year SFIP deadline with the FEMA waiver[1] requires dismissal under Art. VII(J)(4) and VII® of the

---

[1] On August 31, 2005, David Maurstad, Acting Federal Insurance Administrator, waiving the requirement that the insured file a proof of loss prior to receiving insurance proceeds, and allowing as follows:
> In the event a policyholders disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policy holder may file a lawsuit against the insurer within one year of the date of written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form or VIII.R of the SFIP Residential Condominium Building Association Policy Form.

2

SFIP.[2] Under 44 C.F.R. § 61, app. (A)(2), art. VII(J)(4), an insured must file a sworn proof of loss as condition precedent to filing suit on an SFIP. See also C.F.R. § 61 app. (A)(1) art. VII(R)(requiring prior compliance with all policy requirements before filing suit in court). This proof of loss must be filed within 60 days of loss due to flooding, subject to any extensions approved by the Federal Emergency Management Agency ("FEMA"). See 44 C.F.R. §§ 61.13(a), (d), & (e); *Forman v. Fed. Emer. Mgt. Agency*, 138 F.3d 543, 545 (5th Cir.1998). This requirement is a "strict" one; substantial compliance is not sufficient. *Marseilles Homeowners Condo. Ass'n., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055-56 (5th Cir .2008) (*quoting Richardson v. American Bankers Ins. Co.*, No. 07-30271, 279 Fed. Appx. 295, 2008 WL 510518, at 299 (5th Cir.)). Rather, the sworn proof of loss requirement "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998)). Nor do principles of constructive waiver or equitable estoppel excuse this obligation. *Marseilles*, 542 F.3d at 1056 (*citing Richardson*, 279 Fed. Appx. at 299). To the contrary, the proof of loss requirement is waived only with "the express written consent of the Federal Insurance Administrator." *Id*. (*citing* 44 C.F.R. § 61, app. A(2), art. VII(D)).

Clearly, plaintiff's first sworn proof of loss as to the contents under Coverage B of their policy was submitted almost two years after the deadline of August 2006. Plaintiff first argues that defendant did not set a time limit for plaintiff to submit a supplemental claim, therefore the July 2008 proof of loss was timely. Even if the failure to explicitly include a deadline other than the SFIP requirements is construed as an implicit extension, defendant did not have the authority to

---

(Rec, Doc. 26-6). *See Eichaker v. Fidelity National Property & Casualty Insurance Co.*, 2008 WL 2308959 (E.D.La.).

[2] Article VII(J)(4)

waive the SFIP requirements . Only the Federal Insurance Administrator has that authority.

Plaintiff also contends that defendant Hartford is treating plaintiff differently than other similarly situated insureds. Plaintiff cites *Oechsner v. Hartford Fire Insurance Company*, 2008 WL 89514, for the proposition that defendant "routinely" applies for waivers for the proof of loss requirement but failed to do so in this case. Whether or not this is true, this fact does not modify the strict requirements of SFIP for filing a proof of loss.

Third, plaintiff claims that Hartford failed to properly adjust the claim because the adjuster failed to make a recommendation on contents based on the piles of damaged materials available for inspection. Again, the requirements of SFIP are clear. To contest the adjustment of an insured's claim, they must file a sworn proof of loss. A pre-condition to filing suit is the submission of a timely sworn proof of loss. Plaintiff failed to file a sworn proof of loss, or otherwise supplement his claim, in the approximate eight months between the closing of the contents claim and the SFIP deadline for filing a contents claim. That failure is fatal to plaintiff's claim for payment under his insurance policy for contents coverage.

Last, plaintiffs claim that summary judgment is premature pending additional discovery. Following submission of the pleadings, the trial date in this matter was continued until November 2009 providing additional time to conduct discovery. As plaintiffs have failed to raise any new or additional evidence in the interim, the Court finds this argument to be moot.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that defendant Hartford Fire Insurance Company's Second Motion for

Summary Judgment (Rec. Doc. 37) is GRANTED and plaintiff's claim against defendant Hartford Fire Insurance Company is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 6th day of July, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**